# THE PLATT LAW GROUP, P.C.

Attorneys at Law

\*    Stuart A. Platt, Esquire, platt@theplattlawgroup.com
\*\*\*  Christopher J. Norman, Esquire, cnorman@theplattlawgroup.com
\*\*   Justin M. Strausser, Esquire, jstrausser@theplattlawgroup.com

\*    Member of NJ & NY Bars
\*\*   Member of NJ & PA Bars
\*\*\*  Member of NJ Bar

September 19, 2023

United States Bankruptcy Court
U.S. Federal Courthouse
402 E. State Street, Room 8
Trenton, New Jersey 08608

Attn:  Honorable Michael B. Kaplan, U.S.B.J.

    Re:    In Re: Lisa M. Jones-Mason
           Case No. 22-13530-MBK
           Lisa M. Jones-Mason v. Willingboro Township, et al.
           Adv. No. 23-01093-MBK
           Our File No. 23-0018

Dear Judge Kaplan:

Please recall that this law firm represents Defendant, Willingboro Township (the "Township") in relation to a Motion to Reconsider filed by debtor, Lisa M. Jones-Mason (the "Debtor" or "Movant"). Please accept this letter brief in lieu of a more formal brief opposition to Debtors's Motion to Reconsider.

### FACTS AND PROCEDURAL HISTORY

Debtor filed the herein Adversary Complaint on April 6, 2023 and filed a subsequent Amended Complaint on April 13, 2023, alleging in Count II that the Township of Willingboro (the "Township") violated the automatic stay on or about May 20, 2022 and in Count III that the

Township intends to violate the automatic stay by seizing Debtor's property due to Debtor's continued violations of the Township Code.

On August 21, 2023, the Court issued an Order granting the Township's Motion to Dismiss Debtor's Adversary Complaint for failure to state a claim, as the Township had not violated the automatic stay by exercising its police powers pursuant to 11 U.S.C.A. § 362(b)(4), which specifically permits a governmental unit to enforce its "police and regulatory power." On or about August 30, 2023, the Debtor filed a Motion to Reconsider.

## LEGAL ARGUMENT

1. **Debtor has not met its burden to show reconsideration is warranted.**

The Debtor requests the Court reconsider its Order dismissing Debtor's Adversary Complaint. Any motion that draws into question the correctness of the judgment is functionally a motion under Bankruptcy Rule 9023 (which adopts Rules 59(e) and 60(b)). Therefore, a motion to "reconsider," is a motion under Rule 9023 (incorrectly stated by Debtor as a motion under Rule 9024). Reconsideration should not be granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citation omitted); Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). FRCP 59 "is strictly construed to avoid repetitive arguments on issues that the court has already fully considered." Gen. Vision Servs. v. Richard A. Eisner & Co., LLC (In re Gen. Vision Servs.,

Inc.), 352 B.R. 25, 28 (Bankr. S.D.N.Y. 2006). Whether to grant or deny a motion to alter or amend a judgment is within the court's discretion. In re Enron Creditors Recovery Corp., 378 B.R. 54, 57 (Bankr. S.D.N.Y. 2007).

Here, Debtor does not direct the Court towards any additional facts or law which were overlooked by the Court when it issued its August 21, 2023 Order. Instead, the Debtor directs the Court to an untimely Certification that Debtor had filed on August 16, 2023, one day before oral argument, which Debtor did not reference at oral argument. Regardless, the arguments made in Debtor's August 16, 2023 Certification were not arguments overlooked by the court and have no bearing on the simple facts of the case – that the Township was acting under its police powers pursuant to 11 U.S.C.A. § 362(b)(4) and therefore did not violate the automatic stay.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests the Court Debtor's Motion to Reconsider.

Very truly yours,

JUSTIN M. STRAUSSER
For the Firm

JS
cc:  Lisa M. Jones-Mason (via Electronic Filing)
     Anthony Velasquez, Esquire (via Electronic Filing)