

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                                           **609-858-9360**
**Chief Judge, United States Bankruptcy Court**

September 29, 2023

Re:  Lisa Jones-Mason, Case No. 22-13530 (MBK)
     Jones-Mason v. Willingboro Township, et al., Adv. Pro. No. 23-1093
     <u>Motion for Reconsideration</u>

Ms. Jones-Mason and Counsel of Record:

      Presently before this Court is a Motion for Reconsideration ("Motion," ECF No. 67) filed by Lisa Jones-Mason ("Debtor") seeking reconsideration of this Court's August 22, 2023 Order (EFC No. 59) Granting Willingboro Township's Motion to Vacate Default, Dismissing Adversary Complaint, and Denying Motion for Preliminary Injunction. Debtor relies on Federal Rule of Bankruptcy Procedure 9024 and cites to the fact that this Court's August 22, 2023 Order stated that the Court "received no opposition." In fact, Debtor submitted an untimely opposition to Willingboro Township's motion (*see Debtor's Opp'n*, ECF No. 54), which was dated August 10, 2023, and was received by the Court on August 16, 2023—one day before the hearing on the motion.[1] Debtor asks the Court to "reconsider it's [sic] decision in light of the previously submitted opposition and deny Willingboro's motion in its entirety."

      The Court notes for the record that Debtor's Opposition (ECF No. 54), although untimely, was reviewed by the Court. Nothing set forth in that Opposition warranted denial of Willingboro Township's Motion at the time, and nothing in that Opposition warrants reconsideration of this Court's Order now. The Court explained the basis for its ruling on the record during the hearing on August 17, 2023. Nevertheless, the Court takes this opportunity to elaborate on its decision and to specifically address the arguments raised in Ms. Jones-Mason's untimely Opposition.

---

[1] The receipt submitted with Debtor's Opposition indicates that it was mailed on August 11, 2023, with a scheduled delivery date of August 14, 2023. *Debtor's Opp'n* 5, ECF No. 54. Pursuant to the Court's Local Rules, any opposition to a motion must be filed not later than 7 days before the hearing date. D.N.J. LBR 9013-2. The hearing date for Willingboro Township's motion was August 17, 2023; therefore, any opposition was due on August 10, 2023 and Debtor's Opposition was untimely.

By way of background, on April 6, 2023, Debtor initiated the instant adversary proceeding against Defendants Willingboro Township and Trystone Capital Assets, LLC. As the result of motion practice, the Court issued an Order on June 8, 2023, dismissing Debtor's claims against Trystone Capital Assets, LLC. *Order Granting Trystone's Motion to Dismiss*, ECF No. 14. Counts Two and Three of Debtor's Amended Complaint—claims against Willingboro Township—proceeded. Indeed, at that time Willingboro Township had neither answered nor otherwise moved with respect to the Amended Complaint. However, the Court had concerns regarding the adequacy of service and notice to Willingboro Township due the fact that at least one Court-issued notice sent to Defendant Willingboro Township had been returned as undeliverable. *Id.* at ¶30, 28. Accordingly, the Court denied Debtor's motion for summary judgment and deferred decision on Debtor's motion for a preliminary injunction (the "PI Motion"). In a separate Order (ECF No. 15), the Court directed Debtor to re-serve Defendant Willingboro Township, and the Court scheduled a hearing on the PI Motion.

Debtor re-served the pleadings, *see Certificate of Service*, ECF No. 19, and the Court entered default against Willingboro Township and ordered Debtor to move for default judgment, *see Order to File Default Papers*, ECF No. 21.[2] Debtor filed a Request for Default Judgment (ECF No. 38) and the Court scheduled a hearing on August 17, 2023 to address, among other things, the Proof Hearing on the Request for Default Judgment and the pending PI Motion (ECF Nos. 39 & 41). On July 28, 2023, however, counsel for Willingboro Township filed a Motion to Vacate Default and Dismiss the Adversary Complaint (ECF No. 47). That motion was also scheduled for August 17, 2023. All parties appeared on that date and the Court heard oral argument. The Court explained the basis for its decision to Debtor on the record. For purposes of clarity, the Court provides the following analysis, and, for purposes of completeness, the Court addresses the arguments raised in Debtor's untimely Opposition.

In her Opposition, Debtor argued that the entry of default was the result of Defendant Willingboro Township's ("Defendant") "culpable conduct." Debtor cited *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) for the proposition that "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard" and, thus, warrant denial of a motion to vacate default judgment as a procedural sanction. However, the facts present in *Hritz* are distinguishable from those in Debtor's case. In *Hritz*, the proceeding had gone all the way to judgment and defendant did not file a motion to set aside the judgment until the plaintiff began executing on the judgment—more than eight months after the complaint had been filed. Here, default had been entered against Defendant Willingboro Township, but no judgment was rendered. Debtor had filed her motion for default judgment, but that motion was still pending when Defendant filed its Motion to Vacate Default—a little over three months after the complaint was filed.

Moreover, in *Hritz*, the Third Circuit emphasizes that "more than mere negligence be demonstrated" to warrant refusal to set aside default. *Hritz*, 732 F.2d at 1183. The *Hritz* court was presented with a defendant who not only willfully ignored court notices for eight months, but who also disregarded the possibility of injuries stemming from its equipment. Those facts are a far cry from those in the instant case—which involve a municipal employee's failure to alert officials of receipt of the Amended Complaint because he was unaware of proper procedure. *See Willingboro's Motion to Vacate Default* 1-2, ECF No. 47-1. The circumstances in the instant case more closely resemble negligence, which—according to the Third Circuit—is insufficient to warrant refusal to set

---

[2] Debtor also appealed this Court's Order Granting Trystone's Motion to Dismiss (ECF No. 14); however, that appeal has no bearing on the Court's ruling on the instant motion.

aside a default.

Further, the Debtor's submission fails to recognize the Third Circuit's preference for disposing of cases on their merits, a preference explicitly recognized by the courts Debtor cited in her Opposition. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Hritz*, 732 F.2d at 1183; *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also Wiggins v. Universal Prot. Serv., LLC*, No. 23-1054, 2023 WL 5014082, at *2 (3d Cir. Aug. 7, 2023). Indeed, the Third Circuit considers refusal to set aside default an "extreme" action that is appropriate only as a last resort sanction in response to "flagrant bad faith." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (citations omitted).

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). Trial courts have discretion when deciding whether to set aside an entry of default and, in doing so, "consider four factors: (1) whether there will be prejudice to the plaintiff, (2) whether there is a meritorious defense, (3) whether the defendant's culpable conduct caused the default, and (4) the effectiveness of alternative sanctions." *Cunningham v. Speeding Moving Co., LLC*, No. CV 23-551, 2023 WL 4267645, at *1 (D.N.J. June 29, 2023) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d at 73-74). Here, Debtor was prejudiced only to the extent she was forced to adjudicate her claims on the merits. *See, e.g.*, *Natasha C. v. Visionquest, Ltd.*, No. CIV.A. 03-1903, 2003 WL 21999591, at *3 (E.D. Pa. Aug. 25, 2003) (finding that forcing plaintiff to argue the merits of their case rather than proceed by default did not constitute prejudice); *see also Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001) (finding that three-month delay did not establish prejudice to the plaintiff). And although the default was caused by Defendant's conduct, the Court finds that its actions were, at most, negligent and not worthy of sanctions. Finally, the Court gives significant weight—as it did on the record during the hearing—to the fact that Defendant Willingboro Township has a meritorious defense. *See, e.g.*, *Hritz*, 732 F.2d at 1181 (describing a meritorious defense as a "threshold issue"). Thus, the record demonstrates that it is appropriate to set aside the entry of default.

The Court commits to writing the discussions held on the record regarding Defendant Willingboro Township's meritorious defense. Although Debtor asserts that Defendant's motion to dismiss should be denied on the merits, her Opposition—and her arguments on the record—indicate a misunderstanding of the issues being adjudicated before the bankruptcy court. Debtor refers to the items seized from her property and contends that the purpose of these seizures was to execute on a judgment in violation of the automatic stay. *See Debtor's Opp'n* 4, ECF No. 54; *Amended Complaint* ¶¶ 18-30. However, pursuant to 11 U.S.C. § 362(b)(4), the automatic stay does not preclude "governmental unit[s]" from enforcing their "police and regulatory power[s]." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 7, 143 S. Ct. 1689, 1697, 216 L. Ed. 2d 342 (2023); *see also In re LTL Mgmt., LLC*, 645 B.R. 59, 79 (Bankr. D.N.J. 2022). The advisory committee notes to the statute clarify that this statutory exception is intended to "permit governmental units to pursue actions to protect the public health and safety." The record in this case demonstrates that Defendant Willingboro Township's were taken in response to Debtor's violations of Township Code in the interest of public health, safety, and welfare. Such actions fall squarely within the exception to the automatic stay under § 362(b)(4) and, thus, there is no violation. As a result, Counts Two and Three of Debtor's Amended Complaint fail, and dismissal of those claims is appropriate. As explained to Debtor during the hearing on August 17, 2023, this Court is tasked merely with determining whether the actions taken by Willingboro Township *violate the Bankruptcy Code*. To the extent Debtor takes issue with the appropriateness of Willingboro Township's actions under

3

applicable state or municipal law, that is an issue for another court.

Finally, this Court notes that Debtor's argument that Defendant Willingboro Township's Motion to Dismiss is untimely under Federal Rule of Bankruptcy Procedure 7012 is misplaced. Indeed, Defendant failed to timely file an answer or otherwise move the Court—that failure is precisely what led to entry of default, as it does in every instance where default is entered. To preclude a defendant from filing a responsive pleading—even after that defendant has successfully moved to vacate the default—would moot the entire purposes of Rule 55(c). Rather, to the extent a defendant is successful in its motion to vacate default, courts reset pleading deadlines to allow the case to proceed. *See, e.g.*, proceedings *Emcasco Ins. Co. v. Sambrick*, 834 F.2d at 76 (setting aside entry of default judgment and directing district court to permit the filing of defendant's answer); *see also Natasha C. v. Visionquest, Ltd.*, 2003 WL 21999591, at *7 (setting aside default under Rule 55(c) and directing defendants to file answer within 10 days).

In light of the foregoing, the Court finds that Debtor has not identified a basis for reconsideration under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. The grounds justifying reconsideration under Rule 60(b) are:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

For the reasons expressed herein, the Court determines that none of those factors are present. Therefore, the Court denies Debtor's Motion for Reconsideration (ECF No. 67) and will enter an appropriate Order.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge